The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (1990), 67 Ohio App.3d 743.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890147.

Decided May 23, 1990.

*Arthur M. Ney, Jr.*, Prosecuting Attorney, *David L. Prem* and *James E. Butler*, for appellee.

*Robert R. Hastings, Jr.*, for appellant.

*Per Curiam.*

Defendant Kelvin L. Robinson appeals from his convictions of attempted rape and felonious assault, which included a sentence of eight to fifteen years of imprisonment for each count, with the terms to be served consecutively. In his appeal, he asserts that an incriminating statement he made should have been suppressed by the trial court because, he claims, it was a product of coercion and not of a knowing waiver of his rights. Robinson also asserts that the convictions are against the manifest weight of the evidence and are not supported by sufficient evidence, and that he was denied effective assistance of counsel below. We find no merit in his contentions.

In the early morning hours of August 8, 1988, Veretest Riley was struck from behind and rendered unconscious near her home on East Peete Street, in Cincinnati, Ohio. Shortly after the onset of the attack, a neighbor of Riley, Dorothy Pouncey, became a witness to the episode and was able to identify Robinson, who wore grey clothing and a blue baseball cap, and whom she had

known for several years. Pouncey testified that she saw Robinson lying on top of Riley with his body between her legs, and that she told him that he should be "ashamed of [himself]." Robinson got up and left, but returned momentarily and kicked Riley in the head. Apparently, several other individuals were also involved in the attack, and approximately $100 was taken from Riley. Riley suffered a fractured skull and a ruptured spleen.

Robinson was arrested on August 20, 1988, and taken to the Hamilton County Justice Center. Robinson was verbally advised of his *Miranda* rights while being transported to the Justice Center. At the Justice Center, Police Officer Jim Honnert asked Robinson to sign a "Notification of Rights" form that set forth his *Miranda* rights and contained a "waiver of rights" stating that no promises, threats or coercion had been used against him. Honnert then recorded the conversation in which he read the *Miranda* rights to Robinson.

Robinson initially denied involvement in the attack beyond having witnessed it, but, after several pauses in which the tape recorder was turned off, Robinson eventually admitted that he kicked Riley in the head. Robinson later retracted the statement in a second interview with Police Officer Regina Zimmerman, conducted on September 3, 1988. In that interview, Robinson claimed that he had been coerced to make the statement by Officer Honnert and two uniformed police officers who held billy clubs and who threatened him while the tape recorder was turned off. Robinson also argued, in the hearing on his motion to suppress the statement, that he had a limited reading ability and did not fully understand the rights he purported to waive in the "Notification of Rights" form.

In his first assignment of error, Robinson asserts that the trial court erred by overruling his motion to suppress his inculpatory statement. We disagree.

A confession that is involuntarily made by a criminal defendant as a result of police coercion, in violation of the defendant's rights under the Due Process Clause of the Fourteenth Amendment, must be suppressed from evidence at trial. *Colorado v. Connelly* (1986), 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473; *State v. Taylor* (Sept. 7, 1988), Hamilton App. No. C–870458, unreported, 1988 WL 92633. Similarly, a confession must be suppressed for a violation of a defendant's Fifth Amendment privilege against self-incrimination if the confession is not a product of a voluntary, knowing and intelligent waiver of that right. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; see, also, *Moran v. Burbine* (1986), 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410; *Taylor, supra*, at 3.

The voluntariness of a confession is to be determined in the light of the "totality of the circumstances" of each case. *State v. DePew* (1988), 38

Ohio St.3d 275, 528 N.E.2d 542; *State v. Volz* (May 3, 1989), Hamilton App. No. C–880184, unreported, 1989 WL 45272. Where, as here, the asserted error is in an evidentiary ruling of the trial court, made after a suppression hearing, the determination of the weight of the evidence and the credibility of the witnesses remains primarily for the trier of fact. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. The burden of proving by a preponderance of the evidence that an accused's waiver of his *Miranda* rights was voluntary and not the product of coercion falls upon the state. *Connelly, supra*, 479 U.S. at 167, 107 S.Ct. at 523–524, 93 L.Ed.2d at 484–485.

We have reviewed the transcripts of the suppression hearing and the two interviews with Robinson made by the police, and listened to the original recordings of the interviews. We are unable to say as a matter of law that Robinson's inculpatory statement resulted either from coercion or from an involuntary and unknowing waiver of his privilege against self-incrimination. We, therefore, overrule his first assignment of error.

■ In support of his second assignment of error that his convictions are against the manifest weight of the evidence and not supported by sufficient evidence, Robinson argues first, with regard to the attempted-rape conviction, that no "substantial step" toward the act of rape was proved. *See State v. Woods* (1976), 48 Ohio St.2d 127, 2 O.O.3d 289, 357 N.E.2d 1059. Robinson bases his argument on the fact that both he and Riley were fully clothed at the time of the incident, and that no semen was found or genitalia observed during the incident. The record, however, reflects that Robinson's lower body was positioned between Riley's legs, and that he did not get up until after he was scolded by Dorothy Pouncey. Pouncey testified that she believed Robinson was "having sex" with Riley. We hold that the record contains sufficient evidence from which the jury could reasonably conclude that all the elements of attempted rape had been proven beyond a reasonable doubt. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

■ With regard to his felonious-assault conviction, Robinson argues that the record is devoid of evidence that he seriously injured Riley. The contention is feckless. In addition to his statement to police that he kicked Riley in the forehead, the record also indicates that Riley's skull was fractured. There was sufficient evidence to support the jury's guilty verdict on the felonious-assault charge.

We have reviewed the entire record, weighed the evidence and all reasonable inferences to be drawn therefrom, and, to the extent permitted by law, considered the credibility of the witnesses, and we hold that the jury did not lose its way and create a manifest miscarriage of justice when it rendered its guilty verdicts. See *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215,

485 N.E.2d 717. Robinson's second assignment of error is, therefore, over-ruled.

Robinson alleges four deficiencies in his trial counsel's performance in support of the claim in his third assignment of error that he was denied effective assistance of counsel. These deficiencies are as follows: (1) His trial counsel failed to investigate the case thoroughly and ascertain that two witnesses, Quintas and Clarice Jones, would testify that Robinson acted in an incriminating manner by hiding in their attic; (2) his counsel failed to establish the exact nature of Riley's injuries but instead agreed to admit into evidence medical records of Riley's treatment that contained hearsay references to sexual assault; (3) his counsel failed to object to the omission of a not-guilty form to the jury for the lesser included offense of attempted rape; and (4) his counsel failed to point out discrepancies between the description of the perpetrator contained in the police report and that given by Pouncey.

A counsel's performance will not be deemed ineffective unless and until that performance is proved to have fallen below an objective standard of reasonable representation and to have resulted in prejudice. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. To show that a defendant has been prejudiced by his counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.* at paragraph three of the syllabus.

Regardless of whether any or all of the deficiencies asserted by Robinson constituted substandard performance by his trial counsel, he has failed to show on this record that he was prejudiced by the performance. A reasonable inference of guilt can be drawn from the evidence not affected by the deficiencies, except, perhaps, with respect to Pouncey's testimony. In that regard, Robinson has failed to identify the asserted discrepancies in either his brief or oral argument, and the police report is not part of the record before us. We are therefore unable to review it.

We also note that no prejudice could have arisen from the trial court's failure to include a not-guilty verdict form concerning the lesser included offense because, as the court's instruction adequately informed the jury, it could have merely returned the not-guilty form concerning the original charge if it found the defendant not guilty of either the rape charge or the lesser included attempted-rape charge. We, therefore, overrule Robinson's third assignment of error.

The judgment of the trial court is, accordingly, affirmed.

*Judgment affirmed.*

Utz, P.J., Doan and Klusmeier, JJ., concur.